SUPERIOR COURT
OF THE

**RICHARD F. STOKES**
*JUDGE*

**SUSSEX COUNTY COURTHOUSE**
**1 THE CIRCLE, SUITE 2**
**TELEPHONE (302) 856-5264**

March 14, 2017

Steven D. Miller
SBI# 00246356
Sussex Correctional Institution
P.O. Box 500
Georgetown, Delaware 19947

RE: *State of Delaware v. Steven D. Miller,*
Def. ID# 0801008964

DATE SUBMITTED: February 27, 2017
DATE DECIDED: March 14, 2017

Dear Mr. Miller:

Defendant Steven D. Miller ("Defendant") has filed his second Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 ("Rule 61").[1] For the reasons expressed below the motion is summarily dismissed.

On May 9, 2008, Defendant pled guilty to Rape in the Second Degree and Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF"). Defendant was sentenced as follows: for Rape in the Second Degree, twenty-five years at Level Five, suspended after ten years at Level Five for eight years at Level Three; for PDWDCF, two years at Level Five, suspended after two years at Level Five, subsequent probation to be concurrent to the first offence. No direct appeal was filed; therefore, the conviction became final on June 9, 2008. On August 20, 2008, Defendant filed a Motion for Reduction of Sentence, which was denied. On March 30, 2009, a corrected

---

[1] The applicable version of Rule 61 is that effective on June 4, 2014, as amended by an order of this Court dated May 29, 2015.

1

Sentencing Order was issued, which eliminated the language regarding special conditions. On August 21, 2015, Defendant filed his first Motion for Postconviction Relief. The Superior Court denied that Motion on October 15, 2015.[2] The decision of the Superior Court was affirmed by the Delaware Supreme Court on February 8, 2016.[3]

On February 27, 2017, Defendant filed his second Motion for Postconviction Relief. Defendant claims that: (1) his guilty plea was not entered knowingly, intelligently, and voluntarily because he was under the influence of psychotropic drugs at the time; (2) he only signed, but did not fill out or mark the Truth-In-Sentencing Form, contrary to what was represented to the Court; and (3) the State did not fulfil its obligations under the plea agreement because Defendant was sentenced under a different statute than expected.

The first step in evaluating a motion under Rule 61 is to determine whether any of the procedural bars listed in Rule 61(i) will force the motion to be procedurally barred.[4] Both Rule

---

[2] *Re State v. Miller*, 2015 WL 6437481, at *1 (Del. Super. Ct. Oct. 15, 2015).
[3] *Miller v. State*, 2016 WL 258603, at *1 (Del. Feb. 8, 2016).
[4] Super. Ct. Crim. R. 61(i) provides:

> (i) Bars to Relief. (1) *Time limitation.* A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.

> (2) *Successive motions.* (i) No second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule. (ii) Under paragraph (2) of subdivision (b) of this Rule, any first motion for relief under this rule and that first motion's amendments shall be deemed to have set forth all grounds for relief available to the movant. That a court of any other sovereign has stayed proceedings in that court for purpose of allowing a movant the opportunity to file a second or subsequent motion under this rule shall not provide a basis to avoid summary dismissal under this rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

> (3) *Procedural default.* Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) Cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights.

> (4) *Former adjudication.* Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.

61(i)(1) and (2) require this motion to be summarily dismissed. First, a motion for postconviction relief cannot be filed more than one year after the judgment is final.[5] Given that Defendant's Motion was filed well over eight years after the conviction was final on June 9, 2008, this Motion is time-barred. Additionally, any successive motion for postconviction relief is barred by Rule 61(i)(2) unless the Defendant has:

> (i) [pled]...with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which [he] was convicted; or

> (ii) [pled]...with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[6]

Defendant has failed to make this showing.

For the foregoing reasons, Defendant's motion is **DISMISSED**.

**IT IS SO ORDERED.**

Very truly yours,

Richard F. Stokes

cc: Prothonotary's Office
Adam Gelof, Esq.
Dean C. Johnson, Esq.
Robert Robinson, Esq.

---

(5) *Bars inapplicable.* The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

[5] *See* Rule 61(i)(1)
[6] *See* Rule 61(i)(2); 61(d)(2)(i), (ii).